**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         ykrivoshey@bursor.com
         bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HUNT, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>FITNESS EVOLUTION, INC. d/b/a FIT REPUBLIC,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

CLASS ACTION COMPLAINT

Plaintiff Brian Hunt ("Plaintiff") brings this action individually and on behalf of all others similarly situated, against Defendant Fitness Evolution, Inc. d/b/a Fit Republic ("Fit Republic" or "Defendant" ). Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to himself, which are based on their personal knowledge.

## PARTIES

1. Plaintiff Brian Hunt is a citizen of California, residing in San Ramon, California. Mr. Hunt is a current member at Defendant's Fit Republic gyms, paying $49.99 per month on a month-to-month basis. Plaintiff has been a month-to-month member since December 7, 2018. On March 18, 2020, Defendant closed all of its Fit Republic gyms nationwide, including the Fit Republic gym in Tracy, CA that Plaintiff attended. However, on March 3, 2020, Defendant charged Plaintiff's debit card in the full amount of his month-to-month membership and his annual member charge - $88.99. Defendant has retained the full amount of his membership even though Plaintiff does not have access to any of Defendant's gyms. Further, Defendant has not refunded Plaintiff any part of his monthly fee for March 18 through April 3, 2020, when Defendant's gyms were closed. Plaintiff signed up for Defendant's month-to-month membership with the belief and on the basis that he would have unlimited access to Defendant's gyms. Plaintiff would not have paid for the membership, or would not have paid for it on the same terms, had he known that he would not have access to any of Defendant's gyms. Plaintiff continues to face imminent harm, as Defendant retains customers monthly fees while all of its gyms remain closed.

2. Defendant Fitness Evolution, Inc. is a California corporation located and headquartered in Escondido, California. Defendant is the operator of over 30 gyms nationwide, including 20+ gyms in California. Defendant's fraudulent and wrongful retention of its customers fees while its gyms are closed was conceived, reviewed, approved, and otherwise controlled from Defendant's California headquarters. All critical decisions regarding the unlawful retention of its customers fees while its gyms are closed were made in California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class

are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

4. This Court has general jurisdiction over Defendant because it is headquartered in California. Further, the Court has general jurisdiction over Defendant because it conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District and because Plaintiff resides and suffered the alleged harm in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Defendant Fit Republic has made the unconscionable decision to keep its thousands of customer's monthly membership fees while closing 100 percent of its gyms as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

7. Defendant is the operator of more than 30+ gyms or "health clubs" throughout the United States, of which over 20 are located cities in California.[1] Defendant promises consumers that it "lives to serve and [its] team is always looking for ways to make your experience better – by providing membership with tremendous value that far outweighs its' costs."[2] To use Defendant's gyms, all of Defendant's members sign up for month-to-month membership, paying a set fee every month along with an initiation fee. Consumers have two options for their membership, the FIIT Nation plan for $49.99, or the Premium Plan for $19.99.[3] Both memberships assure members that they will have "unlimited use of all locations."

8. To sign up for Defendant's month-to-month memberships, customers provide Defendant with their credit card or bank account information. Defendant then automatically charges its customers' credit or accounts, as payments are due on a monthly basis.

---

[1] https://fitrepublic.com/find-a-club (last accessed April 9, 2020); *see also* https://fitrepublic.com/ (last accessed April 9, 2020).
[2] https://fitrepublic.com/our-values (last accessed April 9, 2020).
[3] https://fitrepublic.com/join-now (last accessed April 9, 2020).

9. On March 18, 2020, Defendant quietly closed all of its gyms, *indefinitely*. Defendant has not refunded any consumers for their lost membership access. Instead, it has simply promised to tack on residual time to memberships – an illusory promise – because Defendant will resume charging normal monthly memberships upon reopening.

10. Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers in California that have paid or were charged fees while Defendant's gyms were closed for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, conversion, breach of contract.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on his own behalf, and as a representative of all similarly situated individuals pursuant to Federal Rule of Civil Procedure 23 and the below-defined Classes of consumers who purchased Fit Republic memberships.

> **Nationwide Class**: All persons in the United States that purchased Fit Republic memberships and were not refunded for the period in which Defendant's gyms were closed.

Excluded from the Class are persons who made such purchase for the purpose of resale. Also excluded are Defendant and their affiliates, parents, subsidiaries, employees, officers, agents, and directors, as well as any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

12. Plaintiff also seeks to represent a subclass defined as all members of the Class who are members at a gym in California (the "California Subclass").

13. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the tens or hundreds of thousands. The precise number of Class Members and their identities are unknown to Plaintiff at

1  this time but may be determined through discovery. Class Members may be notified of the
2  pendency of this action by mail and/or publication through the membership records of Defendant.

3      14.    Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

    15.    Plaintiff's claims are typical of the claims of the Class in that they purchased the Fit Republic memberships in reliance on the representations and warranties described above, and suffered a loss as result of those purchases.

    16.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he have retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

    17.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class Members. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues

# COUNT I
### Violation of California's Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*
### (Injunctive Relief Only)

18.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

19.     Plaintiff brings this claim individually and on behalf of members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

20.     Plaintiff and Class members are consumers who paid fees for use of Defendant's gyms for personal, family or household purposes. Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

21.     Defendant's gym access that Plaintiff and Class members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

22.     Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

23.     Defendant's advertising that consumers would unlimited access to all of its gyms and that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while continuing to retain the full price consumers' gym memberships.

24.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresent the particular characteristics, benefits and quantities of the services.

25. Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

26. Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

27. Plaintiff and the Class acted reasonably when they purchased Defendant's gym membership on the belief that Defendant's representations were true and lawful.

28. Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would retain members' gym fees while all gyms nationwide are closed; (b) they would not have purchased gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

29. Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a). If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

30. Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

**COUNT II**
**Violation of California's Unfair Competition Law,**
**California Business & Professions Code §§ 17200, *et seq.***

31. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

32. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

33. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

34. Defendant's advertising that its gyms members would have unlimited access to its gym locations, and that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while continuing to retain the full price of customers' gym memberships.

35. Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and other applicable law as described herein.

36. Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's advertising and its retention of membership fees while its gyms are closed is of no benefit to consumers.

37. Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only owe fees when they would have access to Defendant's gyms.

38. Plaintiff and the Class acted reasonably when they signed up for memberships based on the belief that they would only owe fees when Defendant's gyms were open and accessible.

39. Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased or paid for Defendant's gym memberships

absent Defendant's representations and omission of a warning that it would retain membership fees while all gyms nationwide are closed; (b) they would not have purchased gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

## COUNT III
**Violation of California's False Advertising Law,
California Business & Professions Code §§ 17500, *et seq*.**

40. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

41. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

42. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

43. Defendant engaged in a scheme of retaining customers full monthly membership fee while 100 percent of its gyms were closed. Defendant's advertising and marketing of its gym membership as providing unlimited access to all locations misrepresented and/or omitted the true content and nature of Defendant's services. Defendant's advertisements and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the promotional materials were intended as inducements to purchase gym memberships, and are statements disseminated by Defendant to Plaintiff and Class members. Defendant knew that these statements were unauthorized, inaccurate, and misleading.

44. Defendant's advertising that gym members would have unlimited access to all gum locations and that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while retaining the full price of customers' gym memberships.

45. Defendant violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would be owe fees only when they have access to Defendant's gyms.

46. Defendant knew or should have known, through the exercise of reasonable care that its advertising that customers would have unlimited access to all gym locations is false and misleading.  Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it retained all gym fees while all of its gyms were closed.

47. Plaintiff and the Class lost money or property as a result of Defendant's FAL violation because (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would retain membership fees when all gyms nationwide are closed; (b) they would not have purchased gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

**COUNT IV**
**Breach of Express Warranty**

48. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

49. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

50. In connection with the sale of gym memberships, Defendant issues an express warranty that customers would have unlimited access to all gym locations.

51. Defendant's affirmation of fact and promise in Defendant's marketing and signage became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

52. Defendant breached its express warranty because Defendant does not provide unlimited access to all gym locations. In fact, Defendant has retained the full amount of its monthly fees while 100 percent of its gyms are closed.

53. Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would retain all membership fees while gyms nationwide are closed; (b) they would not have purchased gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

## COUNT V
**Negligent Misrepresentation**

54. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55. Plaintiff bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

56. As discussed above, Defendant misrepresented that customers would have unlimited access to all gym locations. However, Defendant in fact retains the full price for monthly memberships even when 100 percent of its gyms are closed to the public.

57. At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

58. At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its gym memberships and services.

59. The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendant's gym memberships.

60. Plaintiff and Class members would not have purchased Defendant's gym memberships, or would not have purchased the services on the same terms, if the true facts had been known.

61. The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI
### Fraud

62. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

63. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

64. As discussed above, Defendant misrepresented that customers would have unlimited access to all gym locations. However, Defendant in fact retains the full price for monthly memberships even when 100 percent of its gyms are closed to the public. These misrepresentations and omissions were made with knowledge of their falsehood.

65. The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to Defendant's gym memberships.

66. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

//

//

## COUNT VII
### Unjust Enrichment

67. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

68. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

69. Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, membership fees while 100 percent of Defendant's gyms were and remain closed.

70. Defendant has knowledge of such benefits.

71. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendant is retaining its customers full membership fees while 100 percent of its gyms remain closed. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendant's membership fees had the true facts been known.

72. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VIII
### Money Had and Received

73. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

75. Defendant received money in the form of membership fees that was intended to be used for the benefit of Plaintiff and the Class, those membership fees were not used for the benefit

of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Class.

76. Defendant obtained roughly money in the form of membership fees that was intended to be used to provide gym access to Plaintiff and the Class.  However, Defendant has retained all of the membership fees while 100 percent of its gyms were and remain closed.

## COUNT IX
### Conversion

77. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

78. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

79. Plaintiff and members of the Class had a right to retain their membership fees while all of Defendant's gyms were and remain closed; Defendant intentionally retained full amount of the Plaintiff's and Class members' monthly membership fees while Defendant's gyms were closed; Plaintiff and Class members did not consent to Defendant's retaining such fees while Defendant's gyms are closed; Plaintiff and Class members were harmed through Defendant's retention of their membership fees; Defendant's conduct was a substantial factor in causing Plaintiff and Class members' harm.

## COUNT X
### Breach of Contract

80. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

81. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

82. Defendant entered into contracts with Plaintiff and Class members to provide access to gym facilities in exchange for the payment of membership fees.  Defendant has breached these contracts by retaining and Class members' full membership fees while 100 percent of its gyms

remain closed. Plaintiff and Class members have suffered an injury through the payment of membership fees while not having access to Defendant's gyms.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the certifying the Nationwide Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Hunt as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

a) For an order finding in favor of Plaintiff, the Class, and California Subclass on all counts asserted herein;

b) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or Jury;

c) For prejudgment interest on all amounts awarded;

d) For an order of restitution and all other forms of equitable monetary relief;

e) For injunctive relief as pleaded or as the Court may deem proper; and

f) For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

### JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  April 10, 2020                **BURSOR & FISHER, P.A**.

By:     */s/ Brittany S. Scott*
                Brittany S. Scott

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940

Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
　　　　ykrivoshey@bursor.com
　　　　bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Brittany S. Scott, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court. I am an associate at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

3. I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Oakland, California this 10th day of April, 2020.

*/s/ Brittany S. Scott*
Brittany S. Scott